UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LDCD, LLC, a Delaware limited liability company,<br><br>   Plaintiff/Counter Defendant,<br><br>  v.<br><br>PACIFIC HIDE & FUR DEPOT, a Montana corporation, dba PACIFIC STEELE & RECYCLING,<br><br>   Defendant/Counter Claimant. | Case No. 1:12-CV-00303-EJL-CWD<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

On March 8, 2013, United States Chief Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report"), recommending that Plaintiff's Motions to Dismiss be denied. Any party may challenge the Magistrate Judge's proposed recommendation by filing written objections within fourteen days after being served with a copy of the Report. 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate. *Id.*; *see also* Fed. R. Civ. P. 72(b).

**ORDER ON REPORT AND RECOMMENDATION - 1**

Plaintiff filed objections to the Report arguing 1) it was in error to conclude the counterclaims were not precluded by the Ninth Circuit's decision in *Blue Cross of California v. Anesthesia Care Associates Medical Group, Inc.*, 187 F.3d 1045, 1048 (9th Cir. 1999) and 2) it failed to address the distinction between a right to payment versus a rate to payment claim. (Dkt. 44.) The Court has considered the Plaintiff's contentions, the response by the Defendant, conducted a *de novo* review of the record and, upon that basis, finds as follows as to the Motion to Dismiss.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo

**ORDER ON REPORT AND RECOMMENDATION - 2**

> review not required for Article III purposes unless requested by the parties)
> . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to

the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R.

Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within

fourteen days of service of the Report and Recommendation). "When no timely objection

is filed, the Court need only satisfy itself that there is no clear error on the face of the

record in order to accept the recommendation." Advisory Committee Notes to Fed. R.

Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th

Cir.1974)).

In this case, Plaintiff has filed objections and, therefore, the Court has conducted a

*de novo* review of those portions of the Report. The Court has also reviewed the entire

Report as well as the record in this matter for clear error on the face of the record and

finds as follows.

## Discussion

Defendant's counterclaims seek to recover for overpayments it claims to have

made to Plaintiff under the terms of the Defendant's health care plan ("the Plan")

pursuant to the Employee Retirement Income Security Act of 1974's ("ERISA")

enforcement provision § 502(a)(3). (Dkt. 27.) Specifically, Defendant raises

counterclaims for 1) Restitution and Other Equitable Relief; 2) Equitable Estoppel; and 3)

Declaratory, Injunctive, and Other Equitable Relief. (Dkt. 27.) In contrast, Plaintiff's

claims for Breach of Contract, Promissory Estoppel, and Unjust Enrichment are all based upon the terms of the Single Patient Agreement ("SPA"), a separate contract executed between the parties – not, as the Defendant argues, the Plan. (Dkt. 16.)

Plaintiff argues the Ninth Circuit's *Blue Cross* decision supports dismissal of the counterclaims in this case. The *Blue Cross* case involved the question of whether the claims of medical providers against a health care plan for breach of their provider agreements are preempted by ERISA. *Blue Cross*, 187 F.3d at 1047. The Ninth Circuit held that "the Providers' claims are not preempted by ERISA" and, therefore, the district court properly dismissed Blue Cross' petitions for lack of subject matter jurisdiction. *Id.* at 1050. Instead, the Ninth Circuit held, "the Providers' claims, which arise from the terms of their provider agreements and could not be asserted by their patient-assignors, are not claims for benefits under the terms of ERISA plans, and hence do not fall within § 502(a)(1)(B)." *Id.* (distinguishing between a case brought to recover under the terms of a health benefit plan pursuant to ERISA versus where the provider alleged contract claims for breach of the terms of the provider agreements).

In this case, while the Plaintiff's claims are contract claims concerning the SPA, the Defendant's counterclaims, which are the subject of the Motion to Dismiss, seek to enforce its rights under the terms of the Plan pursuant to § 502(a)(1)(B) of ERISA. (Dkt. 27.) Given this distinction, this Court agrees with the Report's conclusion that the *Blue Cross* case does not support Plaintiff's argument for dismissal of the counterclaims. Again, the basis for the Defendant's counterclaims raised pursuant to ERISA's

**ORDER ON REPORT AND RECOMMENDATION - 4**

enforcement provision in this case is the Plan itself not, as in *Blue Cross*, the terms of a separate contract, namely here the SPA. Obviously the parties dispute which document governed their relationship at the time in question. As the Magistrate Judge properly recognized in her Report, that substantive question going to the merits of the claims, however, is not appropriate for resolution on this Motion at this stage. (Dkt. 41 at 9.)

Furthermore, the Court finds no error in regards to the Magistrate Judge's consideration of the parties' arguments concerning any distinction between a right to payment versus a rate to payment claim. This argument, which was included in the parties original briefing that the Court has reviewed, is also one more properly made on a later motion. (Dkt. 28-1, 31, 32.) Plaintiff argues "the sole issue in dispute in this lawsuit is whether Liberty is entitled to receive its contract rate for its services or whether some other payment structure should apply." (Dkt. 44 at 8.) That may be true as to Plaintiff's claims. The Defendant's counterclaims, however, allege the SPA was never enforceable and that Defendant is entitled to reimbursement of overpayments under the terms of Plan pursuant to ERISA. At this stage, the Defendant has adequately plead its counterclaims so as to survive the Motion to Dismiss. Plaintiff's more substantive arguments are best reserved for later motions.

**ORDER ON REPORT AND RECOMMENDATION - 5**

Having reviewed the Motion to Dismiss, briefing, and the entire record in these matters, the Court finds the Report has correctly decided the Motion. The sum and substance of the Plaintiff's objections are the same arguments made in its original briefing on the Motion to Dismiss. The Magistrate Judge addressed these arguments and decided the issues presented in the Motion consistent with this Court's own view of the record. Having reviewed the parties' briefing and the record herein and for the reasons stated in the Report, the Court agrees with Chief Magistrate Judge Dale's conclusions and will grant the Motion to Dismiss.

## ORDER

Having conducted a *de novo* review of the Report and Recommendation, this Court finds that Chief Magistrate Judge Dale's Report and Recommendation is well founded in law and consistent with this Court's own view of the evidence in the record. Acting on the recommendation of Chief Magistrate Judge Dale, and this Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Report and Recommendation entered on March 8, 2013 (Dkt. 41), should be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

**ORDER ON REPORT AND RECOMMENDATION - 6**

**NOW THEREFORE IT IS HEREBY ORDERED** that Plaintiff's Motion to

Dismiss (Dkt. 28) is **DENIED**.

DATED:  **April 12, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER ON REPORT AND RECOMMENDATION - 7**